SUN SHIPBUILDING AND DRY DOCK COMPANY

v.

AMERICAN EXPORT ISBRANDTSEN LINES INC., Appellant.

No. 19348.

United States Court of Appeals, Third Circuit.

Argued Oct. 4, 1971.

Decided Oct. 19, 1971.

---

Leonard S. Leaman, Lord, Day & Lord, New York City, (Raymond K. Denworth, Jr., Drinker Biddle & Reath, Philadelphia, Pa., Edwin R. Alley, New York City, on the brief), for appellant.

John J. Runzer, Philadelphia, Pa. (E. Parry Warner, Pepper, Hamilton & Scheetz, Philadelphia, Pa., on the brief), for appellee Sun Shipbuilding & Dry Dock Company.

Before: McLAUGHLIN, GANEY and ADAMS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

American Export Isbrandtsen Lines [Export] has appealed to this Court from the District Court's denial of a stay of proceedings pending an adjudication before the Maritime Administration [MarAd].

In October, 1965, Sun Shipbuilding and Dry Dock Company [Sun], Export and the United States entered into a written agreement for the conversion of two regular cargo ships into containerships. Because of the age of the two ships, 19 years, it was apparent to all parties from the outset that significant repair and overhaul work had to be accomplished in addition to the work necessary for the conversion of the two vessels. The United States was to pay 46.3% of the cost of the work relating to the conversion. Export, on the other hand, was required to pay the full price of all repair and overhaul work unrelated to the conversion. To this end, the parties inserted in the written agreement the following clause:

"It is intended that the scope of this specification, plans and other data be limited to conversion requirements only, repair and overhaul of existing hull, outfit and machinery items reused in the conversion will be described in separately issued specifications and will be contracted for separately by the owner [Export]."

Prior to the completion of work on the ships, Export announced that it was unwilling to pay for the repair and overhaul work absent an adjudication on the fairness of prices by MarAd. Export then invoked the "disputes clause" of the written agreement and submitted the controversy to the Chief, Office of Ship Construction, MarAd, who found the dispute to be within his jurisdiction. After an appeal to the Maritime Subsidy Board, which appeal is still pending, Sun filed this suit in the District Court to recover damages for overhaul and repair work—unrelated to conversion—which it had done on the ships. In support of its claim, Sun submitted the affidavit of William Watson, its Chief of Staff Engineering, which averred that Sun and Export had entered into an oral agreement for the repair and overhaul work which specifically stated that the parties to the oral agreement were not to be bound by any of the terms of the prior written agreement.

Export, in response, filed an affidavit of John E. Bone, who is in charge of its technical and planning services, presenting allegations, which, if true, showed that the "disputes clause" of the written agreement would require Sun and Export to proceed with an adjudication by MarAd as to the fairness of Sun's prices for repair and overhaul work unrelated to the conversion. Treating Export's motion as one for summary judgment, Judge Fullam stated,

"In this posture it is clear that a dispute of material fact exists as to whether or not Sun and Export did form a binding contract concerning

the repair and overhaul work which provided that the terms of the original conversion contract were not applicable."

The District Court ordered a trial limited to the issue whether such an oral agreement had, in fact, been consummated and refused to grant Export's motion for a stay.

If the District Court finds that Sun and Export did enter into the agreement alleged in the Watson affidavit, then it would be proper for it to proceed with the Sun action. We, therefore, remand the case to the District Court so that the trial contemplated in its opinion may take place as promptly as the Court's calendar will permit.